# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JENNIFER JOSEPH, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ADECCO USA, INC. and LUXOTTICA ) | |
| OF AMERICA, INC., ) | |
| ) | |
| Defendants. | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jennifer Joseph ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendants Adecco USA, Inc. ("Defendant Adecco") and Luxottica of America, Inc. ("Defendant Luxottica") (collectively "Defendants") and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

At all times relevant, Defendants have been engaged in business in the state of Georgia and this district. Defendants are subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant Adecco may be served with process by delivering a copy of the summons and complaint to its registered agent, C T Corporation System, 289 Culver St., Lawrenceville, Georgia 30046. Defendant Luxottica may be served with process by delivering a copy of the summons and complaint to its registered agent, National Registered Agents, Inc., 280 S. Culver St., Lawrenceville, Georgia 30046.

## FACTUAL ALLEGATIONS

6.

Plaintiff timely filed charges of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on her charges from the EEOC, which the EEOC subsequently issued on March 10, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notices of Right to Sue".

9.

Defendants are now, and at all times relevant hereto, have been employers subject to Title VII.

10.

Defendant Adecco is a staffing company. Defendant Adecco placed Plaintiff with Defendant Luxottica, on or about the beginning of November 2020, to work as a warehouse worker.

11.

Prior to starting work at Luxottica, on or around late October 2020, Plaintiff notified the Adecco recruiter, Tee, that she was pregnant.

12.

At that time, Plaintiff was five months pregnant and visibly pregnant.

13.

Due to her pregnancy, Plaintiff asked Tee, the Adecco representative at Defendant Luxottica, to be placed in the packing department so that she could sit at times throughout the day.

14.

Tee told Plaintiff that Luxottica would be able to accommodate her request.

15.

Despite Plaintiff's conversation with Tee, she was placed in the picking department when she began working at Luxottica. In addition to being visibly pregnant, Plaintiff informed her manager at Luxottica, Cortez, that she was pregnant within the first couple weeks on the job.

16.

On or around mid-December 2020, Plaintiff again approached Tee about working in the packing department.

17.

Tee told Plaintiff that she was trying to get Plaintiff switched into the packing department.

18.

On or around late December 2020, Cortez asked Plaintiff why she was still in the picking department despite being pregnant.

19.

Cortez then asked Tee why she had not switched Plaintiff to the packing department yet.

20.

In response, Tee said that she had accidentally switched another employee to the packing department and would try to get Plaintiff switched to that department as well.

21.

On or around December 29, 2020, Plaintiff's employment was terminated. No reason was given for her termination.

22.

Any reason for Plaintiff's termination is pretext for unlawful discrimination based on Plainiff's gender (pregnancy).

23.

In terminating Plaintif because of her protected charactistic under Title VII, Defendants violated Title VII and Plaintiff's rights thereunder.

24.

As a result of Defendants' unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendants, including lost wages and emotional distress.

25.

Defendant Adecco had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including her rate of compensation, and termination.

26.

Defendant Luxottica had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including supervision and other human resources functions, and rate of compensation.

27.

Defendants jointly employed Plaintiff and are therefore jointly liable for violating Title VII by the conduct described herein.

## **CLAIM FOR RELIEF**

## **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

28.

Plaintiff repeats and re-alleges 6-27 paragraphs as if set forth fully herein.

29.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of sex.

30.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

31.

At all times relevant, Plaintiff was a member of a protected class.

32.

Plaintiff was qualified to perform her position.

33.

Plaintiff was terminated because of her protected characteristic.

34.

In terminating Plaintiff's employment, Defendants discriminated against Plaintiff, in violation of Title VII.

35.

As a result of Defendants' unlawful actions, Plaintiff has suffered, among other things, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendants. Among other things, Plaintiff has suffered lost wages and emotional distress. Defendants' unlawful actions were willful and done in reckless disregard for Plaintiff's protected rights. Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages, back-pay, lost benefits and prejudgment interest thereon;

(b) Compensatory damages;

(c) Punitive damages;

(d) All equitable relief available, such as reinstatement or front-pay in lieu thereof,

(e) All relief available under Title VII;

(f) Reasonable attorney's fees and expenses of litigation;

(g) Trial by jury as to all issues so triable;

(h) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(i) All other relief to which she may be entitled.

This 22nd day of March, 2021.

        **BARRETT & FARAHANY**

        s/V. Severin Roberts
        V. Severin Roberts
        Georgia Bar No. 940504
        *Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com